LAUGHLIN, Assignee of LAUGHLIN, *against* ROBERT PEE-
     BLES, Administrator of JOHN LAUGHLIN.

IN ERROR,

A party who has recovered a judgment in the court of Common Pleas, and
    received the amount of it from the defendant, will not be permitted to
    reverse that judgment on a writ of error.

Quere.—If a plaintiff in error withdraws his writ, and has an entry
    made upon the docket, "writ of error withdrawn," whether it is not
    a retraxit, and will not bar another writ.

THIS was a writ of error to the common pleas of Cumberland
county. The plaintiff in error was the plaintiff below.

To October term, 1825, a writ of error issued at the instance
of the plaintiff, to remove this same judgment; the record was
not returned, but on the 12th of October, 1826, this entry was
made upon the docket of the supreme court, "writ of error with-
drawn." Another writ of error issued to October term, 1829, upon
which the record was returned, and several errors assigned, which
were now before the court.

*Alexander,* for the defendant in error, moved to quash the writ
on two grounds.

1st. That the withdrawal of the writ of error, on the 12th Octo-
ber, 1826, was a retraxit, and is a complete bar to the prosecution
of another writ to remove the same judgment. *Beecher* v. *Sherly,*
*Cro. Jas.* 211.

2d. That an execution issued in the court below, at the instance
of the plaintiff, upon his judgment, and that he has since received
the amount from the defendant: and read a deposition made at the
bar, to shew that the plaintiff had received the benefit of his judg-
ment, and also exhibited certain receipts, as further evidence of
the same fact.

*Williamson,* for the plaintiff in error.—The withdrawal of a writ
of error by the attorney of a party is not a retraxit, which can only
be done by the *personal* appearance of the party in court. 2 *Sel-
lon's Prac.* 338. *Beecher's case.* 8 *Coke's Rep.* 58. An attorney
of a party has no such power. *Jac. Law Dic.* 523.

*Carothers,* on the same side.—A retraxit operates in the nature
of a release, and the powers of an attorney are not so comprehen-
sive as to enable him to release the rights of his client.

There were several judgments against the same defendant in
favour of the same plaintiff and the receipts are not particu-
larly applicable to the judgment which is removed by this writ of
error.

*Alexander,* in reply.—It does not appear by whose direction the
entry of "writ of error withdrawn," was made, whether by the

(Laughlin, Assignee of Laughlin *v.* Robert Peebles, Administrator of John Laughlin.)

party or his attorney: and while it remains upon the record of a court, competent to make the entry, even if erroneous, it is conclusive.

The court being satisfied from the evidence exhibited that the plaintiff had received the benefit of his judgment, on this ground alone, quashed the writ of error.

---

ʌDANIEL GALLATIN, for the use of DANIEL GARBER, *against* LUDWICK CORNMAN and JOHN CORNMAN.

#### IN ERROR.

Where the defendant, under the act of the 20th of March, 1810, regulating arbitrations, appeals from the award of arbitrators, and a general verdict passes for him, he is entitled to the costs which follow a final judgment: such case is not within the provisions of that act, as to costs, and they are given by the law as it existed before the passage of that act.

Where a transcript of the judgment of a justice of the peace is filed in the office of the Prothonotary of the court of Common Pleas, and the judgment is opened, and the defendant let into a defence in that court, and a verdict is rendered for the defendant, the one hundred dollar act, regulating the payment of costs on appeal from the judgment of a justice, does not apply.

WRIT of error to the court of common pleas of Perry county.

This case, the facts of which are fully stated by judge *Smith,* who delivered the opinion of the court, was argued by

*Creigh,* for the plaintiff in error, who cited *Dearth, et als* v. *Laughlin,* 16 *Serg. & Rawle,* 296. *Landis* v. *Sheaffer,* 4 *Serg. & Rawle,* 196. *Flick et al* v. *Boucher,* 16 *Serg. & Rawle,* 373. *Purdon,* 20. and *Lentz* v. *Strok,* 6 *Serg. & Rawle,* 40. And by

*Alexander,* contra, who referred to *Flick, et al* v. *Boucher,* 16 *Serg. & Rawle,* 373.

The opinion of the court was delivered by

SMITH, J.—A transcript of the judgment rendered by justice *White,* in the above stated action was filed in the court of common pleas of Perry county, and on a *fire facias* issued thereon, a levy was made on the real estate of *John Cornman,* one of the defendants. At the instance of *John Cornman,* this *fi. fa.* was afterwards quashed, the judgment opened, and upon the issue on the plea of payment, the sum due was to be ascertained, the lien of the judgment to remain in the mean time, and the costs to abide the final event of the suit. The cause was then arbitrated, and a report made for the plaintiff for forty-four dollars twenty-three cents, with